RYAN L. DENNETT, ESQ.
Nevada Bar No. 005617
rdennett@dennettwinspear.com
JENNIFER INSLEY MICHERI, ESQ.
Nevada Bar No. 010089
jinsley-micheri@dennettwinspear.com
**DENNETT WINSPEAR, LLP**
3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Telephone: (702) 839-1100
Facsimile: (702) 839-1113
*Attorneys for Defendant, State Farm Mutual Automobile Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY GARCIA,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation; DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive,<br><br>    Defendants. | Case No: 2:18-cv-01029-GMN-PAL |

### STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

The parties, by and through their undersigned counsel, hereby submit this Stipulated Protective Order and state as follows:

A. State Farm Mutual Automobile Insurance Company ("State Farm") possesses certain information and documents that contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available.

B. The parties request that the Court enter the following Protective Order to properly balance the discovery rights of the Plaintiff with State Farm's rights to protect its private, confidential, proprietary, or trade secret information.

The Court ORDERS:

1. All production and disclosure of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, by State Farm during this litigation shall be governed by this Order, including but not limited to, information contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively "information").

2. Information subject to this Protective Order shall be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by State Farm by stamping "CONFIDENTIAL", "TRADE SECRET", or otherwise indicating confidentiality, trade secret or produced subject to this Protective Order, as appropriate, on the face of a single-page document, on at least the initial page of a multi-page document, and in a prominent location on the exterior of any tangible object. Any electronically stored information may be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, through a correspondence providing the media and hard copy or printout shall be treated as protected material of the same designation. Designation may only be made after a good faith review by counsel of record and counsel making a designation shall comply with the standards set forth in Fed.R.Civ.Pro. 26(g) when designation information as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER,

3. With respect to deposition testimony, State Farm may, either on the record at the deposition or by written notice to counsel for Plaintiff no later than thirty (30) days after receipt of the transcript of said deposition, designate portions of testimony as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. All testimony, regardless of whether designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, on the record, shall be treated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER until thirty (30) days after receipt of the transcript of said deposition by all parties. Certain depositions may, in their entirety, be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER prior to being taken because of the

anticipated testimony. Furthermore, any document designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition.

4. The inadvertent or unintentional disclosure by State Farm of information considered to be CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall not be deemed a waiver in whole or in part of State Farm's claim of protection pursuant to this Protective Order, either as to the specific information disclosure or as to any other information related thereto. Any such inadvertently or unintentionally disclosed information shall be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER as soon as reasonably practicable after State Farm becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons absent re-designation pursuant to Court order. Upon receipt of the property designated documents, the recipient must return or destroy the non-designated set within three (3) days. If the recipient destroys the documents, the recipient must provide written certification of the destruction to the producer of the information within three (3) days of receipt of the properly designated documents. In addition, the production or disclosure by State Farm of an attorney-client privileged, attorney work product, or other protected document or information, whether inadvertent or otherwise, shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by State Farm in this or any subsequent state or federal proceeding pursuant to NRS 49.385 regardless of the circumstances of disclosure. If any party becomes aware of the production or disclosure of such protected information by State Farm, that party shall provide written notice of such production or disclosure within three (3) days after it becomes aware that protected information has been disclosed or produced.

5. When information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER is presented, quoted or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering party shall make arrangements or, when appropriate, request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 8 are present during such presentation, quotation or reference.

6.  Subject to the requirements of Paragraph 9 of this Agreement, no person receiving information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall disclose it or its contents to any person other than those described in Paragraph 8 below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no event shall such person make any other use of such information. Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Agreement from all persons to whom any information so designated is disclosed and, for good cause shown, such list shall be available for inspection by counsel for State Farm upon order of the Court; provided, however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraphs 8(h) and/or 10 of this Protective Order.

Except as agreed by State Farm or as otherwise provided herein, including in Paragraphs 7(h) and 9 of this Protective Order, information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall (1) only be used in the preparation for trial and/or any appeal of this Action and (2) be maintained in confidence by the party(ies) to whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto pursuant to Paragraph 8 below. Except as provided in Paragraphs 7(h), (g), (k), and 9 of this Protective Order, information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not be used by any person receiving such material for any business or competitive purpose or for use in matters other than this lawsuit, including other matters involving State Farm.

7.  Information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by State Farm shall be disclosed only to the following persons:

(a)  attorneys actively working on or supervising the work in this case;

(b)  persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)  the parties, including designated representatives and counsel for the entity defendant;

4

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case and the expert or consultant has signed a written acknowledgement attached as Exhibit A;

(e) the Court and its employees ("Court Personnel");

(f) stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses, who have first-hand knowledge of the document and have signed a written acknowledgement attached as Exhibit A;

(h) the Nevada Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law, including, but not limited to, NRS 686A.285.

(i) a jury involved in litigation concerning the claims and any defenses to any claims in this lawsuit;

(j) anyone as otherwise required by law;

(k) as authorized by the parties specifically; and

(l) other persons by written agreement of the parties when the person has signed a written acknowledgement attached as Exhibit A.

8. Subject to paragraph 9 of this Protective Order, the recipient of any information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER pursuant to this Agreement shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such information.

9. Nothing in this Protective Order disallows State Farm's maintenance of information and documents in or pursuant to: its electronic claim system; the privacy requirements of the Nevada Division of Insurance and other applicable state and federal laws; the records retention requirements of the Nevada Division of Insurance, the Nevada Rules of Professional Conduct, or other applicable state and federal laws; the records retention practices

of State Farm; and any written Court Order. Further, nothing in this Protective Order disallows reporting of information by State Farm as permitted and/or required by applicable state and federal law, including NRS 686A.285, including reporting to the Insurance Services Office, Inc.

10.  Plaintiff may at any time request from State Farm, in writing, the release of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER from the requirements of the terms and provisions of this Protective Order. Upon receipt of such request, counsel for State Farm and counsel for Plaintiff shall attempt to meet and confer. If the parties are unable to agree as to whether the information at issue is properly designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, any party may raise the issue of such designation with the Court pursuant to the Court's Practice Standards. ~~Any information submitted to the Court for review shall be submitted under seal and for in camera review.~~ Pending a ruling from the Court, State Farm's designation shall control.

11.  Nothing in this Protective Order shall preclude any party from responding to a validly issued subpoena, provided, however that the party responding to the subpoena shall provide written notice of such subpoena to the attorney of the party that originally produced the documents within three (3) days of receipt of a subpoena, which seeks production or disclosure of the information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not occur until the deadline set forth in a validly issued subpoena, absent agreement of the parties.

12.  Nothing in this Protective Order shall prevent or restrict counsel for State Farm from inspecting, reviewing, using or disclosing the information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. No disclosure pursuant to this paragraph shall waive any rights or privileges of any party granted by this Protective Order.

13.  Nothing in this Protective Order shall be construed as a limitation of the use of evidence in a submission to the Court or at trial, subject to such confidentiality provisions as may be ordered by the Court. However, prior to utilizing or filing a document which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, the party intending to utilize the document must provide notice to the party that originally produced the

document. The party that originally produced the document may request that the document be filed with restricted access under seal. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera. The Court shall retain jurisdiction to modify the terms of this Protective Order.

14. The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

15. Within thirty (30) days of the final determination of this action, each person or party who has received information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be obligated to return the same, including any copies, or to destroy such information and certify that it has been destroyed, except that the recipient need not destroy or return transcripts of depositions and materials filed with the Court, and party may retain one archival copy of all pleadings in the action, regardless of whether such pleadings (including appendices) contain or refer to information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER; provided, however, that the requirements of this Paragraph are subject to the requirements of Paragraphs 7(h) and 9 of this Protective Order and to the routine business practices of State Farm, and also subject to the regular business practices for maintenance and destruction of client files by the parties' counsel. Within seven (7) days of the final determination of this action, counsel of record who has provided information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER to other individuals must inform those individuals that the matter has reached final determination and remind them of the return or destruction obligation. To the extent that this Protective Order requires the destruction or return of documents at the conclusion of this case this requirement is not intended to require State Farm to return or destroy any documents that it is otherwise required by law to maintain. This Protective Order may be modified by the Court any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Within 30 days of the final termination of this case, Plaintiff shall return all documents and

information subject to this Order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be returned to counsel for State Farm. In the alternative, within 30 days of the final termination of this case, Plaintiff may shred or dispose of all such documents, including copies or extracts or summaries thereof, may be shredded or disposed of in a manner to ensure the destruction thereof, and provide a declaration certifying such destruction or disposal provided to counsel for State Farm.

17. Nothing in this Protective Order shall prohibit any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which the information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be treated at trial.

18. A party desiring to file a document identified as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER with the Court must first file a motion to restrict and file the document as a restricted document.

DATED this ___ day of November, 2018.

THE702FIRM

By_____
MICHEAL C. KANE, ESQ.
Nevada Bar No. 010096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 008857
MARK A. ROUSE, ESQ.
Nevada Bar No. 012273
400 South 7th Street, Suite 400
Las Vegas, Nevada 89101
Telephone: (702) 776-3333
Facsimile: (702) 505-9787
**Attorneys for Plaintiff**
*ANTHONY GARCIA*

DATED this ___ day of November, 2018.

DENNETT WINSPEAR, LLP

By_____
RYAN L. DENNETT, ESQ.
Nevada Bar No. 005617
JENNIFER INSLEY MICHERI, ESQ.
Nevada Bar No. 010089
3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Telephone: (702) 839-1100
Facsimile: (702) 839-1113
**Attorneys for Defendants**
*STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY*

## ORDER

Good cause appearing therefore, IT IS SO ORDERED.

DATED this __7th__ day of __November__, 2018.

_____
U.S. MAGISTRATE JUDGE

Submitted by:

**DENNETT WINSPEAR, LLP**

By_____
RYAN L. DENNETT, ESQ.
Nevada Bar No. 005617
JENNIFER INSLEY MICHERI, ESQ.
Nevada Bar No. 010089
3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Telephone : (702) 839-1100
Facsimile:   (702) 839-1113
**Attorneys for Defendants**
***STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY***

9

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO
ABIDE BY STIPULATION AND ORDER
REGARDING CONFIDENTIALITY AGREEMENT**

THE UNDERSIGNED HEREBY UNDERSTANDS AND ACKNOWLEDGES that he or she has read the Stipulation and Order Regarding Confidentiality Agreement filed in this action on _____, 2018. The Undersigned hereby acknowledges that a Stipulation and Order Regarding Confidentiality Agreement in the case of *ANTHONY GARCIA v State Farm Mutual Automobile Insurance Company, et al.*, was filed in the United States District Court Southern District for the District of Nevada and entitled "STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT."

The Undersigned agrees to be bound by the terms of the above-mentioned Stipulation and Order Regarding Confidentiality Agreement in the same manner as the parties to the Stipulation and Order and their respective attorneys. The Undersigned agrees to provide Ryan L. Dennett, Esq., attorney for Defendant STATE FARM INSURANCE, with written notice of any document sharing as well as a list of any recipients of shared documents. The Undersigned also agrees, as provided in the Stipulation and Order Regarding Confidentiality Agreement, to submit to the jurisdiction of the United States District Court Southern District for the District of Nevada for any proceedings related to any violation or threatened violation of this Order.

Dated: 11/1/18

_Anthony Garcia_
Litigant

_____
Litigant

_____
Litigant

_____
Attorney

9